FILED

10 JUN 24 AM 10: 37

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LIVINGSTON ROUSE, CDCR #AA-5835,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ANTHONY CAMPAGNA, Deputy District Attorney;<br>ANDY SPEAR, Detective;<br>CHARLES ADAIR, Attorney;<br>WILLIAM CAHILL, District Attorney Investigator;<br>DENNIS HODGES, SSU Agent; and<br>PITUCCI, SDPD Sergeant #4304,<br><br>　　　　　　　　Defendants. | Civil No.　10-1304 WQH (BGS)<br><br>ORDER DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEES PURSUANT TO 28 U.S.C. § 1914(a) AND FOR FAILING TO MOVE *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) |

　　　Plaintiff, currently incarcerated at High Desert State Prison in Susanville, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims he is the victim of a 2008 malicious prosecution in San Diego Superior Court. *See* Compl. at 4-6.

I.　**FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

　　　Any party instituting a civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted

leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, Plaintiff has not prepaid the $350 filing fee required to commence a civil action; nor has he submitted a Motion to Proceed IFP. Therefore, the case must be dismissed pursuant to 28 U.S.C. § 1914(a).

## II. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[1]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with the Court's form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

**IT IS SO ORDERED.**

DATED: 6/24/10

HON. WILLIAM Q. HAYES
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be screened and may be dismissed before service sua sponte pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C.§ 1915A(b)). Moreover, if the Court enters an Order dismissing this action for failing to state a claim, that dismissal may be counted as a "strike" against Plaintiff if he requests IFP status in any future civil action filed while incarcerated. *See Andrews*, 493 F.3d at 1052 (under the Prison Litigation Reform Act, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").