# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LIVINGSTON ROUSE, CDCR #AA-5835,<br><br>                              Plaintiff,<br><br>vs.<br><br>ANTHONY CAMPAGNA, et al.,<br><br>                              Defendants. | Civil No.   10cv1304 WQH (BGS)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT; AND**<br><br>**(2)  DENYING MOTION TO HAVE COUNSEL APPOINTED**<br><br>**[Doc. No. 5]** |

Plaintiff, Carl Livingston Rouse, a state inmate currently incarcerated at High Desert State Prison located in Susanville, California and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. On August 6, 2010, the Court dismissed Plaintiff's Complaint for failing to state a claim and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Aug. 6, 2010 Order at 4-5. However, the Court granted Plaintiff leave to file a First Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On August 20, 2010, Plaintiff filed a "Request for Extension of Time and Motion to Have Counsel Appointed." [Doc. No. 5].

## I.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## II.

### REQUEST FOR EXTENSION OF TIME

Plaintiff also requests a thirty (30) day extension of time to file his First Amended Complaint. Plaintiff indicates that he has had difficulty obtaining adequate access to the prison's law library. "'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000). Thus, the Court GRANTS Plaintiff's Motion for extension of time to file a First Amended Complaint.

/ / /

/ / /

/ / /

## III.

## Conclusion and Order

In light of the foregoing, the Court hereby **DENIES** Plaintiff's Motion for Appointment of Counsel without prejudice and **GRANTS** Plaintiff an extension of time in which to file a First Amended Complaint [Doc. No. 5]. Plaintiff's First Amended Complaint must be filed with the Court no later than **Friday, October 8, 2010** and must comply in all other respects with the Court's August 6, 2010 Order.

**IT IS SO ORDERED.**

DATED: August 30, 2010

**WILLIAM Q. HAYES**
United States District Judge