# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LIVINGSTON ROUSE, CDCR #AA-5835,<br><br>                              Plaintiff,<br><br>vs.<br><br>ANTHONY CAMPAGNA; ANDY SPEAR; CHARLES ADAIR; WILLIAM CAHILL; DENNIS HODGES; PITUCCI,<br><br>                              Defendants. | Civil No.   10cv1304 WQH (BGS)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).**<br><br>**[Doc. No. 8]** |

## I.     Procedural History

On June 18, 2010, Plaintiff, an inmate currently incarcerated at High Desert State Prison located in Susanville, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff later filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 3]. On August 6, 2010, the Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim and for seeking monetary damages against immune Defendants. *See* Aug. 6, 2010 Order at 4-5.

Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On October 15, 2010, Plaintiff filed his First Amended Complaint ("FAC").

## II.     Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)

### A.     Standard of Review

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like

1 Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

As currently pleaded, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

In his First Amended Complaint, Plaintiff alleges that a deputy district attorney, a San Diego police detective, his criminal defense counsel and an investigator with the District Attorney's office conspired to violate his constitutional rights "to initiate and maintain a malicious prosecution and ensure excessive bail." (FAC at 4.) In order to allege a claim of conspiracy under § 1983, Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate his constitutional rights. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). Thus, pleading a conspiracy requires more than a conclusory allegation that Defendants conspired to deprive Plaintiff's civil rights. The Ninth Circuit applies a heightened pleading standard to conspiracy claims under Section 1983 and has held that mere conclusory allegations of conspiracy (i.e. bare allegations that a defendant "conspired" with another) are insufficient to state a claim.[1] *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Buckey v. County*

---

[1] The Ninth Circuit has specifically held that conspiracy claims are subject to this heightened pleading standard since they require the plaintiff to show that the defendant agreed to join the conspiracy. *See Harris*, 126 F.3d at 1195; *Margolis*, 140 F.3d at 853; *Mendocino Envt'l Ctr. v. Mendocino County*, 14 F.3d 457, 459 (9th Cir. 1994) (applying identical standard to conspiracy claim in *Bivens* action). Although the Ninth Circuit more recently eliminated the application of a heightened pleading standard to all cases where an improper motive is an element, it did not modify the requirement in regard to allegations of conspiracy. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.

*of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Rather, "[t]o state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 n.6 (9th Cir. 2001) (holding that plaintiffs must allege facts which are "specific and concrete enough to enable the defendants to prepare a response, and where appropriate, a motion for summary judgment based on qualified immunity."); *Buckey*, 968 F.2d at 794.

A plaintiff can meet the heightened pleading standard by alleging "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights." *Harris*, 126 F.3d at 1196. As currently pleaded, however, Plaintiff's conspiracy claims amount to no more than "vague and conclusory allegations of official participation in civil rights violations," therefore, they fail to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy insufficient to support a claim under section 1983 or 1985).

In addition, Plaintiff is seeking to hold his Court appointed counsel liable for alleged constitutional violations during his criminal proceedings. (*See* FAC at 6.) However, a person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant during trial, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). Thus, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42,

2002).

1  53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th
2  Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under
3  section 1983 because, so long as he performs a traditional role of an attorney for a client, "his
4  function," no matter how ineffective, is "to represent his client, not the interests of the state or
5  county.").

6  Accordingly, Plaintiff's claims against Charles Adair must be dismissed for failing to
7  state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)
8  & 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

9  Plaintiff also seeks to hold Bill Cahill, the Deputy District Attorney who prosecuted the
10 matter, liable for alleged constitutional violations. (*See* FAC at 5.)  Criminal prosecutors are
11 absolutely immune from civil damages suits premised upon acts committed within the scope of
12 their official duties which are "intimately associated with the judicial phase of the criminal
13 process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509
14 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune
15 even when the prosecutor's malicious or dishonest action deprived the defendant of his or her
16 liberty. *Ashelman*, 793 F.2d at 1075.  Thus, Plaintiff's claims against Defendant Cahill are
17 dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against
18 defendants who are immune from such relief.

19 Finally, Plaintiff alleges that he was discriminated against and denied equal protection
20 under the laws. (*See* FAC at 5.) The "Equal Protection Clause of the Fourteenth Amendment
21 commands that no State shall 'deny to any person within its jurisdiction the equal protection of
22 the laws,' which is essentially a direction that all persons similarly situated should be treated
23 alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985). In order to
24 state a claim under § 1983 alleging violations of the equal protection clause of the Fourteenth
25 Amendment, Plaintiff must allege facts which demonstrate that he is a member of a protected
26 class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne v.*
27 *Cleburne Living Ctr.*, 473 U.S. 432, 440-41 (1985) (listing suspect classes). In this matter,
28 Plaintiff has neither sufficiently plead that he is a member of a suspect class nor has he plead

adequate facts to demonstrate that Defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

Thus, the Court finds that Plaintiff's allegations are insufficient to prove invidious discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977). Plaintiff's Fourteenth Amendment equal protection claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

Accordingly, for all the above stated reasons, Plaintiff's First Amended Complaint must be dismissed sua sponte both for failing to state a claim upon which relief can be granted, and for seeking monetary relief from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1914A(b)(1).

## III.   Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's First Amended Complaint is **DISMISSED** without prejudice both for failing to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), (iii) and § 1915A(b)(1) & (2). However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is stamped "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Second Amended Complaint must be complete in itself without reference to his original pleading. *See* S. D. CAL. CIVLR. 15.1. Any Defendant not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

(2) The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

DATED: November 19, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge