# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LIVINGSTON ROUSE, CDCR #AA-5835,<br><br>                  Plaintiff,<br><br>vs.<br><br>ANTHONY CAMPAGNA, et al.<br><br>                  Defendants. | Civil No.   10-1304 WQH (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT AND DENYING MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 10]** |

## I.

### PROCEDURAL HISTORY

On June 18, 2010, Carl Livingston Rouse ("Plaintiff"), a prisoner currently incarcerated at High Desert State Prison located in Susanville, California, and proceeding pro se, initiated this civil action pursuant to 42 U.S.C. § 1983.

On August 6, 2010, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and dismissed Plaintiff's Complaint for failing to state a claim as well as seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Aug. 6, 2010 Order at 4-5. Plaintiff was granted leave to file a First Amended Complaint in order to correct multiple deficiencies of pleading identified by the Court. *Id.*

Plaintiff was further reminded that his Amended Complaint would supersede the original, and that any claim asserted against any Defendant not re-named in his Amended Complaint would be considered waived. *Id.* at 5 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

On August 20, 2010, Plaintiff filed a Motion for Extension of Time to File his First Amended Complaint and a Motion to Appoint Counsel. The Court granted Plaintiff's Motion for Extension of Time but denied Plaintiff's Motion to Appoint Counsel. *See* Aug. 30, 2010 Order at 3. On October 15, 2010, Plaintiff filed his First Amended Complaint. However, the Court, once again, found that Plaintiff failed to state a claim upon which relief could be granted and sought monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Nov. 19, 2010 Order at 5. Plaintiff was granted leave to file a Second Amended Complaint. *Id.*

On December 17, 2010, Plaintiff filed a "Motion for 30 day Continuance and Motion to Appoint Counsel" [Doc. No. 10]. In this Motion, Plaintiff seeks an extension of time to file his Second Amended Complaint and reconsideration of the Court's previous Order denying Plaintiff's Motion for Appointment of Counsel.

## II.

## MOTION FOR EXTENSION OF TIME

This is Plaintiff's second request for an extension of time, but he is still proceeding without counsel and his request is timely. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ... technical procedural requirements."). Thus, the Court finds good cause to grant Plaintiff's request. "Strict time limits ... ought not to be insisted upon where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (quotation omitted); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where 30-day delay was result of prison-wide lockdown).

/ / /

Accordingly, the Court **GRANTS** Plaintiff's Motion for Extension of Time to file his Second Amended Complaint.

### III.

#### MOTION FOR RECONSIDERATION

**A.    Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

**B.    Discussion**

Plaintiff seeks reconsideration of the Court's previous Order in which the Court denied his request for appointment of counsel. In his Motion, Plaintiff indicates that he "feel[s] that the Court is only telling me why my complaint can't make it past the initial screening and it would be very economical and just of the court to grant counsel in the matter to either assist my claims or inform me that I have no claim." *See* Pl.'s Mot. at 2.

The standard for appointing counsel in a civil matter is high. As the Court previously informed Plaintiff, the Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation.

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "twenty -eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

*Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.  This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court has already informed Plaintiff on two occasions of the deficiencies of pleading and his request for counsel who might advise him that he has no cognizable claim is not sufficient to find "exceptional circumstances" to appoint counsel in this matter.

Accordingly, the Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's August 30, 2010 Order.

### III.

#### CONCLUSION AND ORDER

Accordingly, the Court hereby:

(1) **GRANTS** Plaintiff's Motion for Extension of Time to file his Second Amended Complaint [Doc. No. 10].  Plaintiff's Second Amended Complaint must be received by the Court no later than **Monday, February 21, 2011**  Moreover, Plaintiff is again cautioned that his Amended Complaint must address all the deficiencies of pleading identified in the Court's previous Orders, and must be complete in itself without reference to his original Complaint.  *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

(2) If Plaintiff chooses *not* to file a Second Amended Complaint by February 21, 2011, this action will remain dismissed without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**IT IS FURTHER ORDERED that:**

(3) Plaintiff's Motion for Reconsideration of the Court's Order denying Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 7, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge